1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DANA A. KRAVETZ, ESQ. (SBN 179718)
dkravetz@mrllp.com
LARA A.H. SHORTZ, ESQ. (SBN 239609)
lshortz@mrllp.com
**MICHELMAN & ROBINSON, LLP**
15760 Ventura Boulevard, 5th Floor
Encino, California  91436
Tel: (818) 783-5530; Fax: (818) 783-5507

Attorneys for Defendants,
PAYCHEX, INC. and
PAYCHEX INSURANCE AGENCY, INC. (DOE 1)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE

| | |
|---|---|
| SILICON VALLEY SELF DIRECT, LLC d/b/a CALIFORNIA LABOR FORCE, a California Limited Liability Company,<br><br>     Plaintiff,<br><br>  vs.<br><br>PAYCHEX, INC., and DOES 1-20,<br><br>     Defendants. | CASE NO.:  3:15-cv-1055<br><br>(Superior Court of California-County of Santa Clara<br>Case No.: 115CV276398<br>Dept. No. 08)<br><br>**EXHIBIT IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(b), 1446 (DIVERSITY)** |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE** that Defendants PAYCHEX, INC. and PAYCHEX INSURANCE AGENCY, INC. (DOE 1) hereby submits the

1    following Exhibit to the in support of the Notice of Removal of Action under 28

2    U.S.C. §§ 1441(b), 1446 (Diversity).

3

4    Dated:  March 6, 2015                    **MICHELMAN & ROBINSON, LLP**

5

6

7                                 By:    _____/s/ Dana A. Kravetz_____

8                                       Dana A. Kravetz, Esq.
                                        Lara A.H. Shortz, Esq.

9                                       Attorneys for Defendants,

10                                      PAYCHEX, INC. and PAYCHEX
                                        INSURANCE AGENCY, INC. (DOE 1)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT IN SUPPORT OF NOTICE OF REMOVAL OF ACTION**

386519

**EXHIBIT 1**

 CT Corporation

**Service of Process Transmittal**
02/05/2015
CT Log Number 526528283

TO:    Stephanie Schaeffer
       Paychex, Inc.
       911 Panorama Trl S
       Rochester, NY 14625-2396

RE:    **Process Served in California**

FOR:   Paychex, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Silicon Valley Self Direct, LLC, etc., Pltf. vs. Paychex, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet(s), Instructions, Notice(s), Information Sheet, Attachment(s) |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 115CV276398 |
| **NATURE OF ACTION:** | Wrongfully and negligently filling out applications on behalf of CLD to obtain insurance from state fund |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/05/2015 at 15:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mark B. Fredkin<br>Morgan, Franich, Fredkin & Marsh<br>99 Almaden Boulevard<br>Suite 1000<br>San Jose, CA 95113-1613<br>408-288-8288 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/06/2015, Expected Purge Date: 02/11/2015<br>Image SOP<br>Email Notification, Stephanie Schaeffer slschaefer@Paychex.com<br>Email Notification, Dana Bolia dbolia@paychex.com<br>Email Notification, Denise Mackowiak DMackowiak@paychex.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2/5/15 @3:05P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Paychex, Inc. and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Silicon Valley Self Direct, LLC dba California Labor Force

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2015 FEB -3 P 2:17

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____
Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Santa Clara, 191 North First Street, San Jose, CA, 95113 | **CASE NUMBER:**<br>*(Número del Caso):*<br>115CV276398 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark B. Fredkin, Esq., Morgan Franich Fredkin & Marsh, 99 Almaden Blvd., Suite 1000, San Jose, CA 95113

| DATE:<br>*(Fecha)* FEB 03 2015 | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk | Clerk, by<br>*(Secretario)* S. ACKARD | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PayChex, Inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

1  MARK B. FREDKIN, ESQ. (SBN 53550)
2  MORGAN, FRANICH, FREDKIN & MARSH
   99 Almaden Boulevard, Suite 1000
3  San Jose, California 95113-1613
   Telephone: (408) 288-8288
4  Facsimile: (408) 288-8325

   Attorneys for Plaintiff
5  SILICON VALLEY SELF DIRECT, LLC
   d/b/a CALIFORNIA LABOR FORCE, a
6  California Limited Liability Company

7

8

9                  SUPERIOR COURT OF CALIFORNIA

10                    COUNTY OF SANTA CLARA

11

12  SILICON VALLEY SELF DIRECT, LLC          Case No.   115CV276398
    d/b/a CALIFORNIA LABOR FORCE, a
13  California Limited Liability Company,      COMPLAINT FOR DAMAGES

14                  Plaintiff,

15  vs.

16  PAYCHEX, INC., and DOES 1 through 20,

17                  Defendants.

18

19                      **PRELIMINARY FACTS**

20      1.    Plaintiff, Silicon Valley Self Direct, LLC is a limited liability company

21  organized and existing under the laws of the State of California.  It transacts business

22  under the name California Labor Force and will herein sometimes be referred to as "CLF"

23  or Plaintiff.

24      2.    CLF employs multiple highly skilled workers whom CLF places with

25  companies who have a specific need for particular skilled workers and who do not

26  otherwise have access to the skilled work force necessary to undertake projects being

27  undertaken.  CLF employs workers in multiple areas of expertise, but it emphasizes

28  professionals skilled in asbestos, lead and dry wall removal.

1      3.     CLF commenced business in Santa Clara County, California in late 2013. It

2 had significant advantages in regard to entry into its chosen marketplaces because of the

3 skilled and experienced executive staff at CLF. The executives had years of prior

4 experience in the relevant market arena and consequently had extensive contacts which

5 allowed the immediate access to sizable business volume for CLF.

6      4.     Plaintiff is informed and believes that Paychex, Inc., referred to herein as

7 "Paychex" or Defendant, is a corporation duly organized and qualified to do business in

8 California. It operated under a California insurance broker's license. Plaintiff is informed

9 and believes and alleges Paychex has offices in the County of Santa Clara, State of

10 California in particular, at 1740 Technology Drive, San Jose, California. Plaintiff is

11 informed and believes and alleges that Paychex has multiple lines of business, one being

12 the advertised ability to obtain insurance, particularly workers' compensation insurance for

13 prospective clients.

14      5.     At all times relevant hereto, Paychex held itself out in Santa Clara County,

15 California as a highly competent and professional insurance broker who could represent

16 the interests of CLF in acquiring workers' compensation insurance. CLF relied on the

17 representations of Paychex in allowing Paychex to service its insurance needs.

18      6.     In the fall of 2013, CLF had set up its business organization and had made

19 contacts with multiple prospective clients. CLF had secured significant business

20 commitments from companies who had a high demand for the services provided by CLF.

21 While CLF arranged for multiple contracts to be entered to immediately generate a

22 significant volume of work, CLF needed one additional item to actually commence its

23 income generation. The item that it needed was to obtain appropriate workers'

24 compensation insurance coverage for its business operation. Competitors of CLF had

25 obtained workers' compensation insurance thus obtaining workers' compensation coverage

26 was believed to be a routine task.

27      7.     CLF, based on the representations made to it in Santa Clara County, California

28 by Paychex of its knowledge and skill, employed Paychex to obtain CLF's workers'

COMPLAINT FOR DAMAGES

1    compensation insurance.

2        8.      Paychex received complete cooperation from CLF, who provided all material

3    and necessary data to Paychex, in a timely and accurate fashion. Paychex took the data

4    provided and filled out all forms that it claimed were necessary and appropriate to obtain

5    workers' compensation coverage from the carrier of choice, State Compensation Fund

6    ("State Fund").

7        9.      Based on the submissions by Paychex and Paychex's interaction with State

8    Fund, by mid-December 2013, Paychex had secured workers' compensation insurance for

9    CLF. Immediately upon the acquisition of that insurance, CLF commenced full business.

10       10.     CLF, by the first week in February of 2014, had a labor force of between 75

11   and 100 workers in the field. It had secured 24 contracts and billed clients on 44 different

12   job sites. It had obtained a commitment from additional companies that were calculated to

13   generate seven figure revenue.

14       11.     On February 5, 2014, CLF received a letter from State Fund indicating that its

15   worker's compensation insurance was going to be cancelled because the application

16   submitted by Paychex provided inaccurate and erroneous information. The effect of the

17   policy cancellation was to cause CLF to halt its existing significant business activity and to

18   be unable to sign contracts for additional volumes of work. Further, CLF was forced to

19   continue to pay all of its employees and business expenses in order to keep the business'

20   primary assets, its people, in the employ of CLF.

21       12.     In the face of the notice of cancellation by State Fund, Paychex claimed that

22   they would and could immediately take the necessary steps to reinstitute insurance

23   coverage so that CLF's business could recommence. Paychex promised in February that it

24   would reintroduce coverage for CLF. No coverage was bound in February. Paychex

25   represented in March that it would bind coverage. No coverage was bound in March. In

26   fact, despite repeated representations that all was being taken care of and Paychex would

27   secure coverage for CLF, no such coverage was bound. Despite repeated claims by

28   Paychex over a four month period that it would and could re-secure workers'

3

1  compensation coverage, Paychex could not rebind coverage.

2      13.    At the end of May, Paychex claimed that they could not secure coverage

3  through State Fund or any other carrier and that State Fund refused to insure CLF.   On

4  June 2, 2014, CLF went to a different insurance broker and within six weeks had obtained

5  workers' compensation coverage from State Fund.

6      14.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein

7  as DOES 1 through 20. Plaintiff will amend this Complaint to set forth the true names and

8  capacity of said Defendants when the same is ascertained.

9

10     15.    Plaintiff alleges that Defendants Does herein were the agents, servants, and

11  employees of the Defendant Paychex herein, and, in doing the things hereinafter alleged,

12  were acting within the course and scope of such agency, service, and employment, and or

13  each Doe aided and abetted the wrongful acts herein alleged.

14

15

16                          **FIRST CAUSE OF ACTION**

17                                **(Negligence)**

18     16.    Plaintiff incorporates by reference each of the preceding allegations.

19     17.    Paychex and Does 1 through 10 and each of them undertook their professional

20  responsibility as an insurance broker and deviated from the applicable standard of care in

21  the handling of insurance requirements of CLF.  Said Defendants and each of them were

22  deficient in, among other things:

23         (A)    Wrongfully and negligently filling out applications on behalf of CLF to

24  obtain insurance from State Fund.  Paychex submitted knowingly incorrect information

25  that caused State Fund when it uncovered the erroneous information to cancel the workers'

26  compensation coverage initially provided.  Appropriate answers to the application would

27  have garnered coverage without the risk of cancellation;

28  //

1        (B)    After learning of its mistake, Paychex acted below the appropriate

2 standard of care in its failure to re-secure insurance that was available to CLF. Had

3 Paychex exercised the minimum amount of care required of a broker in these

4 circumstances, coverage would have and could have been obtained. In fact, within six

5 weeks of changing to a competent broker, CLF obtained workers' compensation coverage

6 by State Fund.

7       18.    As a proximate result of the substandard and negligent conduct of Defendants

8 and each of them, CLF was damaged in excess of $250,000 in direct costs incurred to

9 continue to pay its work force, its office and other ongoing expenses necessary to be in a

10 position to restart its business. In addition, CLF, as a proximate result of Defendants'

11 negligence, lost net profit for business that was booked and/or about to be booked for the

12 period after the cancellation of the workers' compensation insurance until insurance was

13 reacquired, and for the restart period thereafter. CLF is informed and believes and thereon

14 alleges the amount of lost net profit exceeds $764,000 as a result of Defendants'

15 negligence.

16

17                         **SECOND CAUSE OF ACTION**

18                             **(Breach of Contract)**

19       19.    Plaintiff incorporates by reference each of the preceding allegations.

20       20.    Defendants and each of them in 2013 orally promised in Santa Clara County,

21 California that they would, in a good and professional manner, bind workers'

22 compensation insurance for CLF.

23       21.    CLF agreed in Santa Clara County, California to employ Defendants and each

24 of them to secure workers' compensation insurance and promised to pay Defendants for

25 their efforts in securing workers' compensation insurance. CLF performed all terms,

26 covenants and conditions required of it under the agreement between itself and Defendants

27 relating to Defendants securing workers' compensation insurance.

28 //

COMPLAINT FOR DAMAGES

1    22.    Defendants and each of them breached their oral agreement in that they failed

2  to obtain workers' compensation insurance on two separate occasions.   CLF suffered

3  damage proximately caused by Defendants' breach of its oral agreement, as herein before

4  alleged.

5    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

6

7                         THIRD CAUSE OF ACTION

8                           (Misrepresentation)

9    23.    Plaintiff incorporates by reference each of the preceding allegations.

10    24.    Defendants and each of them owed fiduciary obligations to Plaintiff as a result

11  of the agreement that Defendants were to act as insurance representatives for Plaintiff and

12  that Defendants would act competently and in the best interest of CLF in obtaining

13  workers' compensation insurance.

14    25.    From February through the end of May of 2014, Defendants represented that

15  they could and would obtain workers' compensation insurance, and that the obtaining of

16  the insurance would be on an expedited basis in order to make up for the mistakes made by

17  Defendants in causing CLF's workers' compensation insurance to be cancelled.

18    26.    Plaintiff relied on the representations of Defendants that they were moving as

19  quickly as possible, could competently and quickly reinstitute workers' compensation

20  coverage for CLF and that workers' compensation insurance would be reinstituted within

21  days.   CLF's reliance on the representations was reasonable in light of the claimed

22  expertise and relationship that Defendants allegedly had with State Fund and the fact that

23  Defendants had dealt with the applications of CLF to initially obtain coverage.

24    27.    The representations made by Defendants were, in fact, false.   Defendants, in

25  fact, could not more expeditiously obtain coverage and, in fact, took multiple missteps in

26  trying to obtain coverage.   Defendants and each of them, in fact, lied to Plaintiff.

27  Defendants claimed that State Fund would not provide workers' compensation coverage to

28  CLF. This false statement was made to convince Plaintiff that it was not Defendants' fault

6

1   that no coverage was bound when, in fact, it was only because of Defendants' false

2   statements and lack of competence that the insurance cancelled in the first place and not

3   reissued in a timely fashion.

4       28.    The true facts were that State Fund would and has insured CLF.  Upon the

5   obtaining of a new broker of record, within six weeks Plaintiff was able to obtain from

6   State Fund workers' compensation insurance.   Had Plaintiff not relied on the

7   misstatements of Defendants, they would have gotten to a good and competent broker who

8   would have obtained workers' compensation insurance within six weeks, saving more than

9   two months delay in getting Plaintiff's business back in operation.

10       29.    As a proximate result of the wrongful conduct herein alleged, CLF suffered

11   damage and extra cost and had to keep its business running with no revenue and suffered

12   additional lost profit as a result of the unnecessary delay in obtaining workers'

13   compensation insurance.   Misstatements made herein were intentional, malicious and

14   reckless, all with the idea of keeping the business of CLF and covering up Paychex's own

15   misdeeds.  Plaintiff prays for punitive damages in the appropriate amount to pay for the

16   intentional misconduct of Defendants.

17       WHEREFORE, Plaintiff prays for judgment as follows:

18   1.    Actual damages in excess of $250,000 plus lost net profits according to proof;

19   2.    For costs of suit incurred herein;

20   3.    For punitive damages;

21   4.    For such other and further relief as the Court may deem just and proper.

22

23   Dated: February 2, 2015             MORGAN, FRANICH, FREDKIN & MARSH

24

25                 By:

26                 MARK B. FREDKIN
              Attorneys for Plaintiff
              CALIFORNIA LABOR FORCE

27

28

7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark B. Fredkin (53550)<br>Morgan, Franich, Fredkin & Marsh<br>99 Almaden Blvd., Suite 1000<br>San Jose, CA 95113<br>TELEPHONE NO.: (408) 288-8288    FAX NO.: (408) 288-8325<br>ATTORNEY FOR *(Name):* Plaintiff, California Labor Force | ENDORSED<br><br>2015 FEB -3 P 2: 17<br><br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By: _____ RICHARD<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
California Labor Force v. Paychex, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 1 1 3 CV 2 7 6 3 9 8 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/2/15

Mark B. Fredkin
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA  95113*

CASE NUMBER: __1 1 5 C V 2 7 6 3 9 8__

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning:  If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* Maureen Folan _____   *Department:*   __8__

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
Date: __JUN 0 2 2015__   Time: 3:30pm __ in Department: 8 _____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
Date: _____   Time: _____   in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

### ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET
### CIVIL DIVISION

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, Information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court                    Santa Clara County DRPA Coordinator
ADR Administrator                                    408-792-2784
408-882-2530

Business Search - Business Entities - Business Programs                    Page 1 of 1



Secretary of State Main Website     Business Programs   Notary & Authentications    Elections   Campaign & Lobbying

**Business Entities (BE)**

Online Services
 - E-File Statements of
   Information for
   Corporations
 - Business Search
 - Processing Times
 - Disclosure Search

Main Page

Service Options

Name Availability

Forms, Samples & Fees

Statements of Information
 (annual/biennial reports)

Filing Tips

Information Requests
 (certificates, copies &
 status reports)

Service of Process

FAQs

Contact Information

Resources
 - Business Resources
 - Tax Information
 - Starting A Business

Customer Alerts
 - Business Identity Theft
 - Misleading Business
   Solicitations

### Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, January 30, 2015. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | PAYCHEX, INC. |
| Entity Number: | C0926442 |
| Date Filed: | 07/27/1979 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 911 PANORAMA TRAIL SOUTH |
| Entity City, State, Zip: | ROCHESTER NY 14625 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 WEST SEVENTH ST 2ND FL |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's database.

 - If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
 - For information on checking or reserving a name, refer to Name Availability.
 - For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
 - For help with searching an entity name, refer to Search Tips.
 - For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search    New Search    Printer Friendly    Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2015   California Secretary of State



**CT Corporation**

**Service of Process Transmittal**
02/20/2015
CT Log Number 526617167

**TO:**     Stephanie Schaeffer
Paychex, Inc.
911 Panorama Trl S
Rochester, NY 14625-2396

**RE:**     **Process Served in California**

**FOR:**    Paychex Insurance Agency, Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Silicon Valley Self Direct, LLC, etc., Pltf. vs. Paychex, Inc., et al., Dfts. // To: Paychex Insurance Agency, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Amendment |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA<br>Case # 115CV276398 |
| **NATURE OF ACTION:** | Plaintif hereby sustitute by the fictitious name Doe 1, Paychex Insurance Agency, Inc. in the matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/20/2015 at 14:45 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days ater this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Mark B. Fredkin<br>Morgan, Franich, Fredkin & Marsh<br>99 Almaden Boulevard<br>Suite 1000<br>San Jose, CA 95113-1613<br>408-288-8288 |
| **REMARKS:** | Please note the process server underlined and/or highlighted the entity being served prior to receipt by CT. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/21/2015, Expected Purge Date: 02/26/2015<br>Image SOP<br>Email Notification, Stephanie Schaeffer slschaefer@Paychex.com<br>Email Notification, Dana Bolia dbolia@paychex.com<br>Email Notification, Denise Mackowiak DMackowiak@paychex.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*2/20/15 @ 2:45P*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

Paychex, Inc. and DOES 1 through 20

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Silicon Valley Self Direct, LLC dba California Labor Force

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED

2015 FEB -3 P 2:17

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Santa Clara, 191 North First Street, San Jose, CA, 95113 | CASE NUMBER:<br>*(Número del Caso):*<br><br>115CV276398 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark B. Fredkin, Esq., Morgan Franich Fredkin & Marsh, 99 Almaden Blvd., Suite 1000, San Jose, CA 95113

| DATE:<br>*(Fecha)* FEB 0 3 2015 | DAVID H. YAMASAKI<br>Chief Executive Officer, Clerk | Clerk, by<br>*(Secretario)* S. ACKARD | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Paychex Insurance Agency, Inc., a California licensed Insurance Broker; sued herein as Doe 1

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | MARK B. FREDKIN, ESQ. (SBN 53550)
MORGAN, FRANICH, FREDKIN & MARSH
2 | 99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
3 | Telephone: (408) 288-8288
Facsimile: (408) 288-8325
4 |
Attorneys for Plaintiff
5 | SILICON VALLEY SELF DIRECT, LLC
d/b/a CALIFORNIA LABOR FORCE, a
6 | California Limited Liability Company

7 |

8 |

ENDORSED
FILED

FEB 19 2015

D. Wenner

9 |              SUPERIOR COURT OF CALIFORNIA

10 |                 COUNTY OF SANTA CLARA

11 |

12 | SILICON VALLEY SELF DIRECT, LLC          Case No. 115CV276398
d/b/a CALIFORNIA LABOR FORCE, a
13 | California Limited Liability Company,     AMENDMENT TO COMPLAINT
(DOE 1)
14 |                     Plaintiff,

15 | vs.

16 | PAYCHEX, INC., and DOES 1 through 20,     BY FAX

17 |                     Defendants.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

AMENDMENT TO COMPLAINT

1      Upon filing the Complaint Plaintiff, SILICON VALLEY SELF DIRECT, LLC

2  d/b/a CALIFORNIA LABOR FORCE, designated in the complaint by the fictitious name,

3  **DOE 1**, pursuant to Code of Civil Procedure § 474.   Plaintiff hereby substitutes and

4  amends its complaint by substituting **PAYCHEX INSURANCE AGENCY, INC.**,   a

5  California licensed Insurance Broker in the place of such fictitious name, **DOE 1**,

6  wherever it appears in said complaint, and further where the name PAYCHEX is used in

7  the complaint this Doe defendant is part of that reference.

8

9  Dated: February 19, 2015          MORGAN, FRANICH, FREDKIN & MARSH

10

11                  By:

12                      MARK B. FREDKIN

                           Attorneys for Plaintiff

13                      California Labor Force

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDMENT TO COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15760 Ventura Blvd., 5th Floor, Encino, CA 91436.

**On** March 6, 2015**,** I served the foregoing document(s) described as follows**: EXHIBIT IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441(b), 1446 (DIVERSITY)** on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

Mark B. Fredkin, Esq.
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Blvd., Suite 1000
San Jose, California 95113-1613
Tel: (408) 288-8288
Fax: (408) 288-8325

[X ]     **BY MAIL**:  I caused such envelope to be deposited in the mail at Encino, CA.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the law firm's practice of collection and processing correspondence for mailing.  Under the practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, CA, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing the affidavit.

[ ]     **VIA FACSIMILE**:  I caused such documents to be transmitted from facsimile number * to the facsimile machine(s) of interested parties on the date specified above.  The facsimile machine I used was in compliance with Rule 2003(3) and the transmission was reported as complete without error.  Pursuant to Rule 2008(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

[ ]     **(BY ELECTRONIC MAIL):**  I caused the above-described document to be served on the interested parties noted above by electronic mail transmission.

[X]     **(FEDERAL):**  I declare under penalty of perjury under the laws of the       United States of America that the foregoing is true and correct.

Executed on **March 6, 2015**, at Encino, CA.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

_____/s/ Laurie Gutierrez_____
LAURIE GUTIERREZ

1