MARK B. FREDKIN (53550)
WILLIAM SIAMAS (133111)
DONN WASLIF (164538)
MORGAN, FRANICH, FREDKIN & MARSH
99 Almaden Boulevard, Suite 1000
San Jose, California 95113-1613
Telephone: (408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Plaintiff
SILICON VALLEY SELF DIRECT, LLC
California Limited Liability Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| SILICON VALLEY SELF DIRECT, LLC d/b/a CALIFORNIA LABOR FORCE, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>PAYCHEX, INC., PAYCHEX INSURANCE AGENCY, INC. and Does 2 through 20,<br><br>Defendants. | Case No. 5:15-cv-01055-EJD<br><br>**OPPOSITION TO MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER ORDER COMPELLING ARBITRATION AND TO MOTION TO CERTIFY APPEAL OF INTERLOCUTORY ORDER**<br><br>**[LOCAL RULE 7-9]** |

**INTRODUCTION**

Although the Court does not require an opposition to a request to file a motion for reconsideration, the papers in support thereof raise issues which the Plaintiff feels compelled to briefly address. In addition, Defendants make a request to certify the Court's Order as an interlocutory appeal. As such, Plaintiff submits the following:

**ARGUMENT**

**A.     Motion for Reconsideration.**

Plaintiff filed this action for negligence and breach of contract arising under an oral contract made in October, 2013, under which Defendants, through their representatives at

1

Plaintiff's Opposition To Motion For Reconsideration and Motion For Certification For Interlocutory Appeal

1  its local office in San Jose, agreed to procure a policy of worker's compensation insurance
2  for Plaintiff's business in San Jose.  The policy was later cancelled due to misstatements
3  made by the Defendants in the December 2013, insurance application.

4  Defendants moved to compel arbitration under a different, subsequently executed
5  contract dated January 5, 2014 that is <u>not</u> sued upon by Plaintiff under which Defendant
6  Paychex, Inc. agreed to provide payroll services.  In their motion, Defendants argued that
7  an arbitration clause buried in purported standard terms and conditions that Defendants
8  claimed were appended to the Payroll Services contract and allegedly provided to Plaintiff
9  – a fact that is hotly disputed by Plaintiff – required arbitration of disputes under the prior
10 oral Worker's Compensation Insurance contract despite, *inter alia*, there is an <u>express</u>
11 <u>exclusion</u> in the Payroll Services' terms and conditions for procurement of worker's
12 compensation insurance.   (Def.'s Exh. A, p. 5)

13 Relying on the strong public policy favoring arbitration, the Court, in its July 20,
14 2015, Order (Doc. 40) found that the hidden arbitration clause – which called for
15 arbitration of all disputes between Plaintiff and Defendants and not necessarily only those
16 arising under the Payroll Services Contract – was broad enough to require arbitration of the
17 claims arising under the prior oral agreement for Worker's Compensation Coverage.
18 However, the Court declined Defendants' request to enforce other provisions of the Payroll
19 Services Contract, namely a clause calling for the arbitration to occur in Rochester, New
20 York, and clauses purporting to limit the recoverability of damages, on the ground that
21 enforcement would be unconscionable.

22 Defendants now seek reconsideration of the parts of the Order that declined to
23 enforce the damage limitation and location-of-arbitration clauses in the hidden terms of the
24 January 5, 2014 Payroll Services Agreement to disputes arising under the October 2013
25 Worker's Compensation Services Agreement.

26 Defendants' request for reconsideration is nothing more than a (more vehement)
27 rehash of the points they made in connection with the motion that were rejected by the
28 Court.    Northern  District  Rule  7-9(c)  not  only  prohibits  a  party  from  seeking

Plaintiff's Opposition To Motion For Reconsideration and Motion For Certification For Interlocutory Appeal

reconsideration based on facts or law previously argued, but mandates the imposition of sanctions against a party who violates the rule.  "Motions for reconsideration are disfavored … and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the Court to rethink what it has already thought. *Franklin v. Virga,* 2013 U.S. Dist. LEXIS 147577 *4 (E.D. Cal. Oct. 11, 2013)   In the Northern District, a party may not file a motion for reconsideration without leave of Court.  N.D. Rule 7-9.   In order to obtain leave, "[t]he moving party must specifically show reasonable diligence in bringing the motion, and one of the following: (1) … a material difference in fact or law … [and] that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;" or (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order;" or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." N.D. Rule 7-9(b).

The party seeking reconsideration is prohibited from "repeat[ing] any oral or written argument made by the applying party in support of or in opposition to the interlocutory order." N.D. Rule 7-9(c).  "Any party who violates this restriction **shall** be subject to appropriate sanctions." *Ibid.* (emphasis added)

Defendants assert that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order" (Def.'s Application, p. 1-2), but Defendants <u>make no showing that the Court failed to consider facts or the law</u>.  Instead, Defendants simply reargue the points they already made as part of their motion. (Def.'s Application, p. 3-4: "this [i.e., the Court's] analysis fails to address the facts in CLF's own First Amended Complaint as well as the Declaration Darren Shelton submitted in support of Defendant's motion. [footnotes omitted]" and "In ruling on Defendant's Motion to Compel arbitration, this Court did not apply the standard set forth in controlling federal law [ie., *Breman v. Zapata Off-Shore Co.*

1  407 U.S. 1 (1972), cited in Plaintiff's original motion]….")  As such, Plaintiff's motion
2  should be denied as violating N.D. Rule 7-9(c) and should be subjected to sanctions..

3  In sum, while a district court is required to liberally construe contract language in
4  favor of arbitration, there is no law that permits, let alone encourages, a court to liberally
5  construe a purported damages limitation provision in one contract to apply to claims
6  arising under a <u>completely different contract</u> and based on <u>negligent performance of
7  services that had already been fully rendered by the time the second contract was signed</u>.
8  The Court rightly rejected Defendants' attempts to overreach in this regard.  The Court's
9  Order cited to evidence submitted by Plaintiff (See, Mejia decl., ¶¶2-8) supporting its
10 finding that enforcement of the damages limitation clause would be unconscionable.
11 (Order, pp. 11-12)

12 As to the provision for the location of the arbitration, a district court was <u>required</u>,
13 under Ninth Circuit precedent, to order "arbitration to the district in which the petition to
14 compel is filed" and "even when the arbitration agreement specifies a venue." *Beauperthuy*
15 *v. 24 Hour Fitness USA, Inc.*, 2012 U.S. Dist. LEXIS 127071, *24-25 (N.D. Cal. July 5,
16 2012), citing *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 785 (9th Cir.
17 2001)  However, the Court found, based on evidence offered by Plaintiff (See, Mejia
18 decl., ¶¶8-12) that requiring arbitration in Rochester, New York would be unconscionable
19 under California law.  (Order, p. 12)

20 In their motion for reconsideration Defendants attempt to confuse the issue by
21 asserting that "venue" is matter of "federal law."  This is incorrect.

22 First, the clause cited by Defendants is not a true "venue" clause.  A venue clause
23 refers to the place of civil litigation.  The clause at issue refers to the place of private
24 arbitration, not civil litigation. As indicated above, the Court was required to disregard the
25 clause. *Beauperthuy*, *supra*.

26 Second, whether a venue, arbitration, or any other clause in a contract is
27 unconscionable is a matter of <u>state</u> law.  *See*, *Poublon v. C.H. Robinson Co.*, 2015 U.S.
28 Dist. LEXIS 6881 *36-38 (C.D. Cal. Jan. 12, 2015); *Comb v. Paypal, Inc.*, 218 F. Supp. 2d

1165, 1177 (N.D. Cal. 2002), citing *Bolter v. Superior Court*, 87 Cal. App. 4th 900, 909 (2001).

Third, the issue of "venue" was raised by Defendants as a motion to transfer the case to New York under 28 U.S.C. §1404(a)   This motion was rightly rejected because Defendants did not support it with evidence that (1) the proposed transferee court has jurisdiction over the parties (*Gandara v. Nestle Purina PetCare Co.*, 2013 U.S. Dist. LEXIS 78579, 3-5 (S.D. Cal. June 3, 2013); and (2) that "the 'convenience' and 'justice' factors strongly favor venue elsewhere." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009).   Moreover, the Order is supported by Plaintiff's evidence it had no connection -- and certainly no minimum contacts --- with the State of New York; that all of its witnesses, evidence and relevant third parties (particularly State Fund Insurance) are located here; and that Defendants held themselves out as doing business in San Jose where Plaintiff initially contacted them.  The finding of unconscionability was amply supported by the evidence that the terms was hidden in pages of a contract having nothing to do with the underlying dispute—workers compensation insurance—and that the provision was never pointed out to, and never seen by, Plaintiff. *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013).  The court should therefore not grant the request for leave to file a motion for reconsideration.

**B.     Request to Certify Interlocutory Appeal**

Plaintiff wants the court to certify an appeal of the court's order under APPC *Services v. Sprint Communs* (D.C. Circ. 2003) 297 F.Supp. 2d 90, 100.  That case, however, involved an order of discovery.  In the 9th Circuit, the Court of Appeals has clearly denied interlocutory appeals where the court granted a petition to compel arbitration and stayed the underlying matter, as which occurred here.  *Johnson v. Consumerinfo. Com, Inc.*  (9th Cir. 2014) 745 F.3d 1019.  (9 U.S.C.S. §16 bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings; thus, an order compelling arbitration may not be appealed if the court stays the action pending arbitration.)  As such, Defendant's request should be denied.

A federal district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of which will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The purpose of the statute is to provide "immediate appeal of interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 46, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995). However, "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). In seeking interlocutory appeal, a movant therefore has a heavy burden to affirmatively show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). As explained in *Luchini v. Carmax*, Inc., 2012 U.S. Dist. LEXIS 126230, *6, 2012 WL 3862150 (E.D. Cal. Sept. 5, 2012):

> "Section 1292(b) is not intended to allow interlocutory appeal in ordinary suits. *Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir.1966). 'Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare.' *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004). 'Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.' *McFarlin v. Conseco Services*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). 'Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function.' *Weber v. U.S. Trustee*, 484 F.3d 154, 159, n. 3 (2nd Cir. 2007)."

Defendant's alternative request to certify the case for an immediate appeal is therefore also without merit. Defendants fail to cite to a "controlling question of law" on which there is a "substantial ground for difference of opinion" and they fail to show that an immediate appeal "may materially advance the ultimate termination of the litigation." *See*, 28 U.S.C. §1292. Defendants assert that they should be entitled to certification based on these

elements, but simply recite the three elements in conclusory terms; absolutely no analysis or facts are given supporting each of these required elements.  For example, a "controlling question" of law, one of the required elements for certification, is one which would materially affect the outcome of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd, 459 U.S. 1190.  It should be noted that the Court in this case ordered the matter to arbitration consistent with the strong public policy favoring arbitration.  There is no corresponding public policy governing the location of arbitration. Plaintiffs have not shown how the court's order that the matter should be arbitrated in the Northern District of California presents an "exceptional" case which would materially affect the outcome of the case.  Plaintiff has therefore failed to meet its heavy burden to justify departure from the general rule disfavoring piecemeal appeals.

Dated:  August 17, 2015                                MORGAN, FRANICH, FREDKIN & MARSH


                                                       By: */s/ Mark B. Fredkin*
                                                           Attorneys for Plaintiff
                                                           SILICON VALLEY SELF DIRECT, LLC