UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SILICON VALLEY SELF DIRECT, LLC,

Plaintiff,

v.

PAYCHEX, INC., et al.,

Defendants.

Case No. 5:15-cv-01055-EJD

ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION; DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

Re: Dkt. No. 41

Plaintiff Silicon Valley Self Direct d/b/a California Labor Force ("CLF") filed this action for negligence, breach of contract and deceit against Defendants Paychex, Inc. and Paychex Insurance Agency, Inc. (collectively, "Paychex") alleging that Paychex caused CLF to lose its workers' compensation insurance coverage. Paychex moved, inter alia, to compel arbitration based on the Paychex Productivity Services Agreement ("PPSA"), a contract Paychex claimed governed its business relationship with CLF. See Docket Item No. 21. The court granted that motion on July 20, 2015, but in doing so severed certain unconscionable portions of the PPSA's arbitration clause, including a requirement that the arbitration occur in Rochester, New York. See Docket Item No. 40.

Paychex now moves for leave to file a motion for partial reconsideration. See Docket

1

United States District Court
Northern District of California

No. 41.  Because it has not established a basis for such relief, that motion will be denied.

Paychex's alternative request for certification of an interlocutory appeal will also be denied.

## I.   MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION

In this district, motions for reconsideration, partial or otherwise, may not be filed without leave of court.  Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").  A request for leave must have two attributes.  First, the moving party must demonstrate at least one of the following grounds:

> (1) That at the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Second, the party may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered.  Civ. L.R. 7-9(c).

Here, Paychex argues the court failed to consider two material facts and one dispositive legal argument when it found unconscionable the situs designation included in the PPSA's arbitration clause.  As to facts, Paychex believes the court failed to address that (1) the "main witness" relied to CLF's claims, at least as Paychex is concerned, is located in Rochester, New York, and (2) that CLF "failed to provide any facts" to substantiate the finding that an arbitration in New York would be unaffordable or unreasonable.  As to the dispositive legal argument, Paychex contends the legal standard utilized by the court "was not based on controlling federal law."

2

Case No.: 5:15-cv-01055-EJD
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
RECONSIDERATION; DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL

1          These arguments are unpersuasive.  As an initial matter, the court must observe that

2   Paychex presented little, if any, response to CLF's unconscionability claims in the motion

3   briefing.  These claims were raised by CLF in the opposition to Paychex's motion to compel

4   arbitration.  Paychex could have addressed unconscionability in its Reply, and could have made

5   each of the arguments it seeks to raise on reconsideration.  Instead, it essentially left CLF's claims

6   unopposed.  Under these circumstances, Paychex must live with the result of its decision, no

7   matter the basis for it.  Reconsideration does not allow party to raise arguments it should have

8   made earlier.  See Civ. L.R. 7-9(b) (emphasizing that failure to consider material facts or legal

9   arguments only occurs when such facts or arguments were presented to the court in the first

10  instance); see also Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose

11  of allowing motions for reconsideration to enable a party to complete presenting his case after the

12  court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really

13  might never end, rather than just seeming endless.").

14         Moreover, the court did not fail to consider anything that was presented in the motion

15  briefing.  As the order demonstrates, the court was aware of the parties' relative positions and

16  locations when it concluded that arbitration in New York was infeasible for CLF.  And although

17  not explicitly stated, the order implies that regardless of where its employees are located,

18  arbitration in California is simply not as burdensome to Paychex.  Paychex did not and has not

19  produced anything to contradict that finding other than the location of one employee who

20  negotiated a contract with a California company.

21         Similarly, it is untrue that CLF's opposition to a New York arbitration was

22  unsubstantiated.  The court cited to the declaration of Mauricio Mejia in the order.  Mejia, as the

23  president of CLF, is qualified to comment on how an arbitration held on the opposite side of the

24  country would affect CLF's business operations.  The court accepted Mejia's statement, which

25  was left unchallenged by Paychex.

26         Finally, Paychex's contention concerning allegedly unconsidered "dispositive" legal

27                                                      3

28  ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
    RECONSIDERATION; DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY
    APPEAL

United States District Court
Northern District of California

1   arguments ignores its own briefing, explicit statements in the order, as well as the issue that was

2   decided.  The court did not fail to account for anything stated in <u>Manetti-Farrow, Inc. v. Gucci</u>

3   <u>America, Inc.</u>, 858 F.2d 509 (9th Cir. 1988), or <u>Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1

4   (1972), the two cases Paychex seeks to raise after the fact, because neither case was cited in

5   Paychex's briefing.

6       In any event, the court explicitly demonstrated its awareness of the federal policy favoring

7   arbitration and the presumption of arbitrability accompanying that policy.  But arbitration clauses

8   are still subject to contract defenses rooted in state law.  <u>See</u> <u>Pokorny v. Quixtar</u>, 601 F.3d 987,

9   994 (9th Cir. 2010).  That inquiry is distinct from the federal law that applies to arbitration

10  agreements and, in this case, was an issue that Paychex did not address.

11      In sum, Paychex has not established what it must to bring a motion for leave to file a

12  motion for partial reconsideration.

13  **II.    MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

14      The district court may certify for interlocutory appeal an order involving (1) "a controlling

15  question of law," (2) "as to which there is substantial ground for difference of opinion," and (3)

16  "immediate appeal from the order may materially advance the ultimate termination of the

17  litigation." 28 U.S.C. § 1292(b).  The purpose of § 1292(b) is to "facilitate disposition of the

18  action by getting a final decision on a controlling legal issue sooner, rather than later" in order to

19  "save the courts and the litigants unnecessary trouble and expense." <u>United States v. Adam Bros.</u>

20  <u>Farming, Inc.</u>, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

21      Interlocutory certification is the exception, not the rule.  "The policy against piecemeal

22  interlocutory review other than as provided for by statutorily authorized appeals is a strong one."

23  <u>Pac. Union Conference of Seventh-Day Adventists v. Marshall</u>, 434 U.S. 1305, 1309 (1977)

24  (citing <u>Liberty Mut. Ins. Co. v. Wetzel</u>, 424 U.S. 737 (1976)).  "Section 1292(b) is a departure

25  from the normal rule that only final judgments are appealable, and therefore must be construed

26  narrowly." <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  The rule

United States District Court
Northern District of California

4

27  Case No.: <u>5:15-cv-01055-EJD</u>

28  ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
    RECONSIDERATION; DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY
    APPEAL

1   should only "be used in exceptional situations in which allowing an interlocutory appeal would

2   avoid protracted and expensive litigation."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026

3   (9th Cir. 1982).

4        Paychex believes the court should certify the following issue for interlocutory appeal:

5   "[w]hether a party challenging a forum selection clause on the grounds of substantive

6   unconscionability must show that the party will be effectively denied a meaningful day in court if

7   required to arbitrate in the contractually agreed-upon forum."  But for reasons similar to those

8   explained above, the court does not find this issue satisfies the applicable standard.

9        First, the question presented by Paychex is not a "controlling" one for this case.  Under §

10   1292(b), a question of law is "controlling" if "resolution of the issue on appeal could materially

11   affect the outcome of litigation in the district court."  Id.  Regardless of how Paychex's question is

12   answered, the "outcome" is the same as far as the district court is concerned: this case remains

13   stayed while CLF's claims proceed to arbitration.  At this point, the choice is not between claims

14   proceeding in court versus claims proceeding through arbitration.  An arbitration will occur.

15        Nor is there substantial ground for a difference of opinion under these circumstances.  As

16   already noted, the court found the situs provision unconscionable based on an uncontradicted

17   statement by a qualified individual.  There is not room for "substantial" disagreement.

18        Furthermore, permitting an interlocutory appeal based on Paychex's question does nothing

19   to "materially advance the ultimate termination of the litigation."  In fact, the opposite is true.

20   Again, the next step in this litigation is an arbitration of CLF's claims.  Inserting a time-

21   consuming and costly appeal into what should be a streamlined process will not delay rather than

22   advance an ultimate resolution of this action.

23        Since this is not an exceptional situation requiring interlocutory direction from the

24   appellate court, Paychex's question will not be certified for appeal.

25   **III.   ORDER**

26        Based on the foregoing, Paychex's Motion for Leave to File a Motion for Partial

27

Case No.: 5:15-cv-01055-EJD

28   ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
RECONSIDERATION; DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL

United States District Court
Northern District of California

Reconsideration (Docket Item No. 41) is DENIED.  Its request for certification of an interlocutory appeal is also DENIED.

**IT IS SO ORDERED.**

Dated:  August 24, 2015



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

6